IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, ) | CA No.: 4:18-cv-02698-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | |
| ) | **ORDER FOR DEFAULT** |
| JESSIE THOMAS RIPPY and JOSEPH RIPPY, ) | **JUDGMENT** |
| ) | |
| Defendants. ) | |
| ) | |

This Declaratory Judgment action was filed by Auto-Owners Insurance Company ("Owners") pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and was commenced October 3, 2018. [Doc. 1]. Jurisdiction in this matter is premised upon 28 U.S.C. § 1332. Defendants were served with the summons and complaint on October 15, 2018. [Doc. 5-1; 6-1; ]. No responsive pleading was filed within the time allowed under the rules of procedure and Owners asked the clerk to enter default on November 7, 2018. [Doc. 7; 8]. The clerk entered default in this matter on November 9, 2018. [Doc. 9]. Owners filed a motion for summary judgment on December 10, 2018, which this Court has construed as a motion for default judgment. [Doc. 10]. No response to the motion was filed, and it is now ripe for consideration.

### UNCONTESTED FACTS.[1]

Owners and Defendants are completely diverse for purposes of 28 U.S.C. § 1332 [Doc. 1 at ¶¶ 1-2]. Owners sold to Jessie Tom Rippy and Hilda Rippy (collectively "Rippy" and/or "the Insured") a homeowners insurance policy with effective dates of June 5, 2015, through June 5,

---

1. "The defendant by his default, admits the plaintiff's well-pleaded allegations of fact. . . ." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).

2016. The policy number is 49-506-334-00. The policy has liability limits of $300,000 (hereinafter "the Policy"). [Doc. 1 at ¶¶ 5 and 1-1]. The Policy insured the premises known as 635 Mount Calvary Road, Dillon, South Carolina 29536 (hereinafter "the property"). [Doc. 1 at ¶ 6]. Joseph Rippy ("Joseph") is the Insured's son and qualifies as an insured under the Policy as a resident relative. [Doc. 1 at ¶ 2].

Joseph alleges he sustained injuries at the property on May 25, 2016. [Doc 1 at ¶ 8 and 1-2]. Joseph brought a lawsuit against his father for negligence arising out of the injuries. Id. Owners agreed to provide a defense pursuant to a reservation of rights dated November 20, 2017, and thereafter on or about May 22, 2018. [Doc. 1 at ¶ 9].

According to the Policy, "Insured" means: b. your relatives. See Section Definitions Para 5. "Relative" is defined as "a person who resides with you and who is related to you by blood, marriage or adoption. Relative includes a ward or foster child who resides with you." According to Exclusion 2.b.(6) of the policy: "Coverage E - Personal Liability does not apply to bodily injury or personal injury to any insured." The Policy is not ambiguous. [Doc. 1 at ¶¶ 12-13]. The lawsuit that Owners is defending which was brought by Joseph is seeking damages from his father which arise of alleged "bodily injury". Id.

**DISCUSSION**

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). However, the defendant is not

deemed to have admitted conclusions of law and the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780. Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. *See Ryan*, 253 F.3d at 780.

By virtue of Defendants' default in this lawsuit, Defendants have admitted both their status as "insureds" and the application of the above-noted policy exclusion. Accordingly, Owners is absolved of any obligation to defend or indemnify the Defendants in the underlying suit.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**, that Owners' motion for summary judgment, which the Court construes as a motion for default judgment [Doc. 10], is *granted* and judgment is hereby entered in favor of Owners and the Clerk is instructed to enter judgment in favor of Owners, thus, ending this matter.

**AND IT IS SO ORDERED!**

January 7, 2019       s/ R. Bryan Harwell  
Florence, South Carolina      R. Bryan Harwell  
     United States District Judge