IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Auto Owners Insurance Company, | ) | Civil Action No.:4:18-cv-02698-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jessie Thomas Rippy and Joseph Rippy, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Auto Owners Insurance Company ("Auto Owners") is in the business of providing different types of insurance coverage to its customers. Defendant Jessie Thomas Rippy and Hilda Rippy are the named insureds of a homeowners policy of insurance coverage (the "Policy") provided by Auto Owners for the premises located at 635 Mt. Calvary Road, Dillon, South Carolina, 29536 (the "Property"). [ECF No. 1-1]. On September 28, 2017, Joseph Rippy, the son of Jessie Thomas Rippy, filed a state court action in Dillon County for injuries sustained on the insured premises. [ECF No. 1-2]. On October 3, 2018, Auto Owners filed a Complaint pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* seeking a declaration that no coverage exists under the Policy for the alleged injuries sustained as set forth in the underlying lawsuit. On November 7, 2018, Auto Owners requested an entry of default for both Jessie Thomas Rippy and Joseph Rippy. [ECF No. 7 and 8]. On November 9, 2018, the Clerk entered default as to both defendants. [ECF No. 9]. On December 10, 2018, Auto Owners filed a motion requesting summary judgment, which was construed as a motion requesting default judgment. [ECF No. 10]. On January 7, 2019, the Court entered an order granting default judgment as to both defendants, and

default judgment was entered the same day. [ECF No. 11; No 12]. Approximately two months later, on March 1, 2019, Defendant Joseph Rippy filed a Motion to Set Aside Default Judgment and Entry of Default. [ECF No. 13]. Auto Owners filed a response on March 15, 2019. [ECF No. 14]. This matter is now before the Court for review.

## **Statement of Facts and Procedural History**

Auto Owners filed this lawsuit seeking to determine whether insurance coverage exists under the Policy for injuries sustained by Joseph Rippy. On or about September 28, 2017, Joseph Rippy filed a lawsuit against Jessie Thomas Rippy for injuries he suffered as a result of a barn door falling on him while he was on the insured Property on May 25, 2016. [ECF No. 1-2]. Joseph Rippy, the son and employee of Jessie Rippy, alleges that at the time he was injured, he lived in a mobile home that was located on "Lot B" of the Property. In the state court action, the parties engaged in discovery and on April 18, 2018, Joseph Rippy filed a motion for summary judgment. However, on the eve of the scheduled motions hearing, the action was continued in order to provide the parties additional time for discovery. According to Joseph Rippy, the parties were expected to attend a mandatory mediation; thus, during this time period, the state court action was not put on a trial roster. Approximately two months after the hearing was continued in the state court action, counsel for Auto Owners filed this action for declaratory judgment in federal court arguing that it had no duty under the Policy to provide coverage to Jessie Rippy or Joseph Rippy for injuries arising out of the incident on the Property.

According to the Affidavit of Service filed by Auto Owners in this case, an individual named Ray Jones attempted to serve Joseph Rippy twice at the Property before finally serving him

on October 15, 2018 at 12:16 p.m. [ECF No. 6-1]. According to Joseph Rippy, he was never served with the Summons and Complaint in this action. In his own affidavit, Joseph Rippy questions why the Affidavit of Service was signed by Mr. Jones and notarized ten (10) days after the alleged service occurred. Further, according to Joseph Rippy, during each alleged attempt at service, he was working at Dillon Upholstery, a shop that belongs to his father, the other named defendant in the declaratory judgment action. [ECF No. 13-5]. Within his Affidavit, Joseph Rippy further states that he does not usually leave Dillon Upholstery during the work day. [ECF No. 13-5, ¶ 2]. He further states that he does not leave his employment to return home during the lunch hour. [ECF No. 13-5, ¶ 2]. In other words, Joseph Rippy contests the validity of the Affidavit of Service.

Upon learning of the order of default in this case, Joseph Rippy's attorney attempted to discuss the matter with Auto Owner's counsel, who he initially thought to be someone else, but who he later found out to be Morgan Templeton. In the meantime, on February 13, 2019, Joseph Rippy's counsel received a letter dated February 6, 2019 from Auto Owner's counsel, attempting to notify him of the default against Joseph Rippy. The letter was sent to the former law partner of Joseph Rippy's counsel, rather than to counsel himself. After several unsuccessful attempts to reach Auto Owner's counsel, Joseph Rippy's counsel learned that Mr. Templeton had not received his messages. Joseph Rippy filed this motion approximately one month later.

**Standard of Review**

Federal Rule of Civil Procedure 55 authorizes the entry of a default judgment against a defendant who fails to "plead or otherwise defend" an action in accordance with the Rules. Rule

55(c) allows the court to set aside an entry of default for good cause, and it may set aside a final default judgment pursuant to Rule 60(b). Relief from judgment under Rule 60(b) requires a showing that the motion was timely, the movant has a meritorious defense, exceptional circumstances exist, and the opposing party would not be unfairly prejudiced by having the motion set aside. *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987); *see generally Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (in seeking relief under Rule 60(b), a party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances."). Further, relief from a judgment of default should be granted when the defaulting party is diligent in seeking to set aside the default judgment, as well as when he has a meritorious defense. *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

The Fourth Circuit has thus identified several factors to consider, including whether the party has a meritorious defense, whether the party acts with reasonable promptness or instead is dilatory, the personal responsibility of the defaulting party, the prejudice to the other party, and the availability of less drastic sanctions. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). If a movant is able to make the above showing, the movant must also satisfy one of more of the following grounds set forth in Rule 60(b): (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud, misrepresentation, or misconduct by the opposing party . . .; (4) the judgment is void; (5) the judgment has been satisfied, release or discharged . . . ; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Motions made pursuant to Rule 60(b) are within the sound discretion of district courts and

4

should not be disturbed absent an abuse of discretion. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 810 (4th Cir. 1988). Here, Defendant Joseph Rippy argues he was never properly served. A judgment entered against a party over whom a court lacks jurisdiction is void, thereby furnishing at least one ground for relief under Rule 60(b). *Federal Deposit. Ins. Corp. v. Schaffer*, 731 F.2d 1134, 1135-36 (4th Cir. 1984). When a party files a Rule 55(c) and Rule 60(b) motion asking to set aside a default judgment, the judicial preference is for a trial on the merits. *See Augusta Fiberglass Coatings, Inc.*, 843 F.2d at 811-12; *Moradi*, 673 F.2d at 728.

## Discussion

### A. Meritorious Defense

Joseph Rippy argues there was insufficient service in this case, because he alleges he was never served in this action and thus was not aware of the default judgment in this case. He also argues that he has a meritorious defense against the allegations within the Complaint because he argues there is coverage under the Policy. Auto Owners argues the Affidavit of Service is prima facie evidence of service. Auto Owners further argues that even if Joseph Rippy somehow has a meritorious defense, the other defendant, by virtue of his own default, as admitted to the facts in the Complaint, thereby foreclosing any defense for Joseph Rippy in this action.

Proper service is a prerequisite for an entry of default and default judgment. *Hodges v. Wash. Met. Area Transit Auth.*, No. CBD-14-0891, 2014 WL 5797754, at *3 (D. Md. Nov. 5, 2014). Under South Carolina law, a defaulting party must provide more than a general denial of service to rebut the presumption of service that arises with a return of process. *See Richardson*

5

*Const. Co., Inc. v. Meek Engr'r & Constr., Inc.*, 274 S.C. 307, 262 S.E.2d 913, 916 (S.C. 1980). Auto Owners argues that service was properly made in this case, as evidenced by the Affidavit of Service. Here, in response to the proof of service filed in this case, Defendant Joseph Rippy has executed his own affidavit attesting to the fact that: (1) he was never served with anything at that address, including this lawsuit; (2) he does not come home during the lunch hour but is instead at his place of business during that time, including the time the return of service indicates he was served; and (3) that he believes the proof service is fraudulent, in part because it was not signed and notarized until a week after service was allegedly perfected. [ECF No. 13-5, Aff. of Joseph Rippy, ¶¶ 2-3].

Joseph Rippy asserts that he lives on "Lot B" of the 635 Mt. Calvary Road address, which he argues is distinct from the place where service was allegedly perfected (though on the same tract of land).[ECF No. 13-5, Aff. of Joseph Rippy, ¶ 1]. In his deposition, he explained that while his father owns the property at 635 Mount Calvary Road, he has a trailer on his father's property where he resides. [ECF No. 13-1, p. 5]. Joseph Rippy also provides the court index from previous cases to show that his father, Jessie Rippy, listed his son's address as "635 Southern Acres Loop, Lot B, Dillon SC" in a previous attempt to evict Joseph Rippy from his home, which he contends is evidence of a separate and distinct residence. [ECF No. 15-2]. Joseph Rippy has therefore provided more than a general denial that he was served.

Turning next to the issue of whether Joseph Rippy has a defense to the allegations claimed in the Complaint, the Complaint seeks a determination that the Policy does not provide coverage to Jessie Rippy for an injury that occurred to Joseph Rippy at the Property on May 25, 2016.

Defendant Joseph Rippy argues that because this is an action for declaratory judgment, Auto Owners must still prove that the Policy in question does not provide coverage for the injuries alleged in the underlying state court action. Defendant Joseph Rippy further argues that he is not an "insured" under the Policy because he does not, in fact, reside with his parents.

In order to establish a "meritorious defense," all that is required is for the defaulting party to present or proffer evidence, which, if believed, would permit a trier of fact to find for the defaulting party. *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896-97 (4th Cir. 1987). In order to establish a meritorious defense on the issue of coverage, a court must examine the underlying facts in conjunction with the provisions of the policy. *Nationwide Mut. Fire Ins. Co. v. Superior Solution, LLC*, No. 2:16-cv-423, 2016 WL 6648705, at *3 (D.S.C. Nov. 10, 2016) (citing *Penn Nat'l Mut. Cas. Ins. Co. v. Lewis*, 105 F. Supp. 3d 573, 583 (D.S.C. 2015)). Defendant Joseph Rippy argues that one of his meritorious defenses is that he is not a relative as the term is defined under the policy because he does not "reside with" his father or mother but instead lives in a separate dwelling, a trailer, on Lot B of the Property. In other words, Joseph Rippy argues that the policy language is ambiguous, and there is a dispute over whether coverage does or does not exist under the Policy based on whether Joseph Rippy resides on the Property. In reply, Auto Owners argues that coverage is purely a legal argument, rather than a meritorious defense.

Under South Carolina law, to determine coverage, a court in a declaratory judgment action should compare the complaint in the underlying action to the language of the policy to determine whether the complaint alleges facts sufficient to bring it within coverage under the policy. *Jefferson-Pilot Fire & Cas. Co. v. Sunbelt Beer Distribs., Inc.*, 839 F. Supp. 376, 378 (D.S.C.

7

1993). Insurance coverage is liberally construed against an insurer and any ambiguities in the policy should be interpreted in favor of the insured. *Id.* In the underlying complaint, Joseph Rippy alleges he was an "invited guest" on Jessie Rippy's premises and was invited on the premises for Jessie Rippy's benefit. [ECF No. 1-2]. Auto Owners claims in this action that Joseph Rippy resided with the named insureds, on the Property, and therefore qualifies as an "insured" by definition under the Policy. Auto Owners claims that because the Policy defines "insured" to mean relatives, Joseph is an insured. Because the Policy excludes coverage for bodily injury or personal injury to an insured, Auto Owners alleges his injuries are not covered under the Policy. In response, Auto Owners asserts that even were this Court to set aside the default judgment against Joseph Rippy, Defendant Jessie Rippy is still in default. Accordingly, Auto Owners points out that the policyholder has still admitted to all the allegations within the Complaint regarding the lack of coverage under the Policy.

In *Canopius US Insurance, Inc. v. Middleton*, No. 2:15-cv-03673, 2016 WL 128517 (Jan. 11, 2016), one of several defendants argued at the hearing on his motion to set aside a default judgment that the applicable policy had ambiguities and more discovery was needed in order to determine what possible defenses he had. The court determined that whether a policy is ambiguous is a meritorious defense to a declaratory judgment action. *Id.* at \*2. Here, Defendant Joseph Rippy argues that the policy language is ambiguous, and further, sets forth evidence in deposition testimony, and public records, as well as his own affidavit, calling into question whether coverage does or does not exist under the policy. Accordingly, Joseph Rippy has established a meritorious

8

defense.[1]

### B. Reasonable Promptness

Second, a motion to set aside a default judgment must be reasonably prompt at the time the defaulting party learned of the lawsuit, rather than when it was served. *Prince Payne Enters, Inc. v. Tigua Enters., Inc.*, No. 2:18-cv-2552, 2019 WL 1058089, at *3 (D.S.C. March 6, 2019). There is no set time frame that establishes whether a movant has been reasonably prompt; rather, a party's actions must be gauged in light of facts and circumstances of each case. *Moradi*, 673 F.2d at 727. Defendant Joseph Rippy argues his motion is timely because while the clerk entered default on January 7, 2019, he did not learn of the default judgment until February of 2019. After that time, he asserts his counsel made diligent attempts to solve the matter without resorting to litigation, but once that proved unsuccessful, he filed his motion a month later. Auto Owners argues that Joseph Rippy learned of the action on January 11, 2019, the date that Joseph Rippy states in his affidavit he was informed that Auto Owners had sued him in federal court. [ECF No. 13-5]. Therefore, Auto Owners argues that the two month delay and the argument that his counsel was attempting to communicate with Auto Owners' counsel in the interim period, should not be considered a valid showing of promptness in filing this motion.

Auto Owners argues that this case is nearly identical to a case where the Fourth Circuit found a defendant had not been reasonably prompt in filing a motion to set aside a motion for

---

[1] Auto Owners argues that even if Joseph Rippy could establish a meritorious defense, the other defendant in this case, Jessie Rippy, also failed to file an Answer, and therefore he is deemed to have admitted all allegations within the Complaint meritorious defense. However, Joseph Rippy may still argue the contract is ambiguous, and he alleges that he was an invited guest on the property, rather than a resident.

default judgment until nearly three months had passed since the filing of the default judgment. *See Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). This Court disagrees. First, in this case the length of time between the filing of the motion and the time when the movant learned of the default was somewhere between one to two months, and at least in one other case, the Fourth Circuit has granted a motion filed after a longer length of time. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, (4th Cir. 1987) (vacating a lower court's refusal to set aside a default where a motion was filed approximately nine months after the default judgment was entered). Second, the movant in this case argues that service was never effectuated, whereas in *Consol. Masonry*, counsel for defendant failed to request an extension to file an answer after the registered agent for the company was served with a lawsuit.

Here, Defendant's counsel made immediate efforts to reach out to the other party upon learning of the default judgment and filed this motion upon a realization that those efforts were fruitless. Additionally, Joseph Rippy argues that he was never served, therefore he argues that his counsel first sought to figure out why default was entered and the facts surrounding the alleged proper service. Finally, counsel in this case states that he was not mailed a letter notifying him of the default until February 6, 2019, and that was letter was sent to his former law firm. Once Joseph Rippy's counsel was made aware of the circumstances surrounding the default, he filed this motion on behalf of Joseph Rippy within several weeks' time. Based upon the facts and circumstances of this case, this Court finds that Defendant Joseph Rippy acted with the reasonable promptness required of him under the circumstances of this case.

**C. Personal Responsibility of the Defaulting Party**

Defendant Joseph Rippy argues that default judgment must be set aside because he was never served with this lawsuit, as previously discussed in this Order. He argues that he never received notice of this lawsuit until after the default judgment was entered in this case. Auto Owners argues that he was indeed served and refers to the Affidavit of Service filed in this case as proof that Joseph Rippy received notice of the lawsuit. In response, Joseph Rippy testified via his affidavit that he did not reside at the particular location where the return of service says he was served, that he did not usually come home from his employment at the time service was supposedly effectuated, and that he did not actually receive service of these papers. Auto Owners argues that Joseph Rippy has not provided additional evidence beyond his own affidavit, such as evidence in the form of other individuals who know his schedule or work records to confirm his schedule, to support his testimony that he was never served in this lawsuit. However, as previously discussed, Joseph Rippy's affidavit goes beyond a "mere denial" that he was served. In this case Joseph Rippy's affidavit and the deposition testimony regarding the property where he was purportedly served suffice to show extrinsic factors rebut the presumption of proper service in this case. Additionally, in light of the judicial preference of deciding cases on the merits, this Court finds that in considering his affidavit, this factor does not weigh in favor of denying Joseph Rippy the grounds of relief he seeks.

**D. Prejudice to the Opposing Party**

Here, Auto Owners has not argued that it would be prejudiced by the setting aside of the default judgment. In considering the relatively short delay that the motion to set aside judgment

has created, coupled with the fact that default judgment is generally an extreme or drastic result for a defendant, in addition to the fact that there has been underlying state court litigation, this Court does not find this factor to weigh heavily against vacating the default judgment in this case.

## Conclusion

The Court has thoroughly reviewed the entire record, including all pleadings and motions filed in this case. This Court finds that Joseph Rippy has made the requisite showing under Rule 55 to set aside the entry of default. As to whether Joseph Rippy qualifies for relief under Rule 55(c) and Rule 60(b)(4), conflicting evidence exists in the record regarding whether service was properly perfected upon Joseph Rippy, and neither party argues whether this ground for relief has or has not been met. However, the Court in its discretion finds that pursuant to Rule 60(b)(6), because Joseph Rippy has made a showing of a meritorious defense, the Court is satisfied that justice and equity demand that the judgment against Joseph Rippy be set aside. Accordingly, for the reasons stated above, Defendant's Motion to Set Aside Judgment of Default [ECF #13] as to Joseph Rippy is **GRANTED**.

**IT IS SO ORDERED.**

Florence, South Carolina  
August 8, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge